IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>MAXON ENGINEERING SERVICES INC<br><br>Debtor | CASE NO. 04-04781 MCF<br><br>Chapter 7 |
| MAXON ENGINEERING SERVICES INC<br><br>Plaintiff,<br><br>v.<br><br>ASPHALT PRECISION JJ, INC.<br><br>Defendant | Adv. No. 07-0048 (MCF)<br><br><br><br>FILED & ENTERED ON 04/05/2010 |

### DECISION AND ORDER

BACKGROUND

The debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 4, 2004 (Case No. 04-04781, Docket No. 1). On May 24, 2004, the debtor filed schedules and disclosed those payments made within ninety days of the filing of the bankruptcy petition (Case No. 04-04781, Docket No. 40 at pp. 114-135). The case was later converted to a proceeding under Chapter 7 of the Bankruptcy Code on June 13, 2006, and Noreen Wiscovitch-Rentas was appointed as interim trustee on June 14, 2006 (Case No. 04-04781, Docket No. 1003).

The Chapter 7 trustee filed the instant adversary proceeding

for recovery of certain preferential payments made to the defendant on account of a prepetition debt on March 21, 2007 (Adv. No. 07-048, Docket No. 1). On January 10, 2009, defendant requested the dismissal of the adversary proceeding alleging that the complaint at bar is time barred (Adv. No. 07-048, Docket No. 36). The Chapter 7 trustee opposed the motion to dismiss contending that the statute of limitations was equitably tolled (Adv. No. 07-048, Docket No. 38). The trustee's argument is founded on the theory that debtor's representative, as part of a predetermined strategy, extended and prolonged the Chapter 11 case until the limitation period expired in order to prevent the trustee from exercising avoiding powers and suing insiders, who allegedly transferred millions of dollars to the Dominican Republic, and others[1].

## DISCUSSION

Section 546 of the Bankruptcy Code establishes a limitation period on the trustee's ability to avoid prepetition preferences. 11 U.S.C. § 546(a) states that:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
> (1) the later of—
>    (A) 2 years after the entry of the order for relief; or
>    (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period

---

[1] Trustee filed a motion for summary judgment on December 22, 2008 (Adv. No. 07-048, Docket No. 32) which was opposed by defendant on January 10, 2009 (Adv. No. 07-048, Docket No. 37). The court did not consider these two documents for the reasons herein discussed. As such, the motion for summary judgment and its opposition are considered MOOT.

        specified in subparagraph (A); or
(2) the time the case is closed or dismissed.

Pursuant to Section 546 of the Bankruptcy Code, a trustee's limitation period for exercising avoidance actions for prepetition preferences is two years after the order for relief or one year after the appointment of a Chapter 7 trustee, if the trustee is appointed within the initial two year period.

The present adversary proceeding was not filed within the two years after the entry of the order for relief. Furthermore, the appointment of the Chapter 7 trustee did not occur within the two years after the entry of the order for relief. As such, by utilizing a strict application of the statute of limitations found in 11 U.S.C. § 546(a), the instant action would be time barred.

With regards to the Chapter 7 trustee's argument for extension of the statute of limitations by way of equitable tolling, after an extensive review of the trustee's contentions and independent research performed by this court, the court finds that the opinion expressed by the Honorable U.S. Bankruptcy Judge Gerardo A. Carlo in the case of <u>Maxon Engineering Services, Inc. v. Alex Hornedo Robles & Assoc., *et al*</u>, 397 B.R. 228 (Bankr. D.P.R. 2008), as sustained in <u>Wiscovitch-Rentas v. Jose D. Almonte</u>, 2009 WL 349360 (D.P.R. 2009), <u>Wiscovitch-Rentas v. Plastic Piping Products of Puerto Rico, Inc.</u>, 2009 WL 393639 (D.P.R. 2009), and <u>Wiscovitch-Rentas v. Super Roof & General Contractor</u>, 2009 WL 1286406 (D.P.R. 2009), is applicable to the instant case. Therefore, this court

adopts the well-reasoned opinion of <u>Maxon Engineering Services, Inc. v. Alex Hornedo Robles & Assoc., *et al*</u> and will proceed to dismiss the present adversary proceeding.

### ORDER

**WHEREFORE IT IS ORDERED** that defendant's motion to dismiss (Adv. No. 07-048, Docket No. 36) shall be, and hereby is, GRANTED.

**SO ORDERED.**

**Ponce, Puerto Rico, this 05 day of April, 2010.**

*Mildred Cabán*

**MILDRED CABAN FLORES
U.S. Bankruptcy Judge**

**C: DEBTOR
CARMEN D CONDE TORRES
NOREEN WISCOVITCH RENTAS**